IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY J. MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-267-RAH-WC |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF LABOR and Q.R.C. d/b/a | ) |
| APPLEBEE'S, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is the *pro se* Complaint filed by Plaintiff Rodney J. Murphy. Doc. 1. This case has been referred to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Doc. 3. Plaintiff requested and was granted leave to proceed *in forma pauperis*. Doc. 4. Pursuant to 28 U.S.C. § 1915(e) governing proceedings *in forma pauperis*, courts are instructed, notwithstanding any filing fee or any portion thereof that may have been paid, to dismiss any action wherein it is determined that the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). After undertaking the required review of Plaintiff's Complaint, the undersigned RECOMMENDS that this case be dismissed prior to service of process for lack of subject matter jurisdiction.

**I.    STANDARD OF REVIEW**

Pursuant to § 1915(e)(2)(B)(i), a complaint may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A complaint is frivolous as a matter of law, for example, when the defendant is immune from suit or the complaint seeks to enforce a right that clearly does not exist. *Id.* at 327.  Judges have "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Claims may be also dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007).  Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiffs' complaint "'must contain sufficient factual matter, accepted

as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are merely consistent with a defendant's liability are not facially plausible. *Id*.

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would a formal pleading drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, a pro se complaint, even if liberally construed, must minimally satisfy Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

## II.   DISCUSSION

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2012). Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Rule 12(h)(3) of the Federal Rules of Civil Procedures requires dismissal if a court at any time determines that it lacks subject matter jurisdiction.

Accordingly, in considering the Complaint for purposes of § 1915(e)(2)(B), the undersigned also reviewed the Complaint for subject matter jurisdiction.  Plaintiff states in the Complaint that he is petitioning this Court, pursuant to various subsections of § 25-4-78(2) of the Code of Alabama, for a review of the Alabama Department of Labor's decision to deny his right to unemployment compensation benefits. Doc. 1.  The statute cited by Plaintiff governs disqualification for unemployment benefits. He also states that he is entitled to relief pursuant to § 25-4-74 of the Code of Alabama, which outlines the maximum individual benefit entitlement during a benefit year.

After a review of the Complaint, the undersigned concludes that Plaintiff's claim does not raise a question of original federal question jurisdiction that extends to "all civil actions arising under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331.  Instead, Plaintiff clearly asserts a claim pursuant to certain provisions of Alabama's state law governing the right to unemployment compensation benefits. Federal jurisdiction also cannot be based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and (2), as there are no allegations in the Complaint indicating that Plaintiff and Defendant are citizens of different states or that the amount in controversy exceeds $75,000.00.

Moreover, Alabama law specifically states that judicial review of an unemployment compensation benefits decision shall be by a state court:

> Within 30 days after the decision of the board of appeals has become final, any party to the proceeding including the secretary who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the *circuit court of the county of the residence of the claimant*; except, that if the claimant does not reside in this state at the time the appeal is taken, the notice of appeal shall be filed in the circuit court of the county in this state in which the claimant last resided, or in the circuit court of the county in this state wherein the claimant last worked.

Ala. Code § 25-4-95 (1975) (emphasis added).  Because Plaintiff's Complaint and attachments thereto indicate that he resides in Montgomery County, Alabama, Plaintiff's Complaint should have been filed in the circuit court of that county.

## III.  CONCLUSION

Based on the above, the undersigned finds that this Court does not have subject matter jurisdiction over Plaintiff's claims and that jurisdiction lies in state court. Accordingly, the undersigned RECOMMENDS that this case be dismissed prior to service of process for lack of subject matter jurisdiction.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 2, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and is, therefore, not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a

party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of June, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE